**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEIL B. GIBSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NICHOLASS V. FLEMING, JR.,<br>aka NICK FLEMING; and<br>DOES 1 to 10, inclusive,<br><br>　　　　　Defendants. | 1:13-cv-00176-AWI-JLT<br><br>ORDER RE: APPLICATION FOR<br>TEMPORARY RESTRAINING<br>ORDER AND O.S.C. RE:<br>PRELIMINARY INJUNCTION<br><br>(Doc. 5) |

**I. INTRODUCTION**

Plaintiff Neil B. Gibson ("Plaintiff" or "Gibson") has filed an ex parte application for a temporary restraining order and order to show cause why defendant Nicholass V. Fleming ("Defendant" or "Fleming") should not be "temporarily enjoined from engaging in unlawful behavior harmful" to Gibson. For reasons discussed below, Gibson's request for a temporary restraining order shall be denied. The Court reserves ruling on the request for order to show cause re: preliminary injunction.

**II. FACTS AND PROCEDURAL BACKGROUND**

On February 4, 2013, Gibson filed his complaint against Fleming and Does 1 to 10, inclusive, alleging causes of action for (1) "threats in violation of 18 U.S.C. 875c" and (2) harassment. In the complaint, Gibson alleged in part as follows:

> "Since November of 2011, Defendant FLEMING has been posting on the internet defamatory statements about PLAINTIFF; that Mr. Gibson does not have the legal English title of 'Lord,' that PLAINTIFF is a spy and terrorist, that he has and is swindling third parties out of hard earned assets, that he has started yet another fake company with his wife to continue defrauding others, that PLAINTIFF is known to the FBI as a fraud and swindler, and that people should not trust PLAINTIFF with their assets. Defendant FLEMMING [sic] has also posted personal contact information of PLAINTIFF on those sites, encouraging third parties to contact PLAINTIFF directly."

Gibson further alleged:

> "Defendant FLEMING has sent, or has caused to be sent by third parties under his direction and control, e-mail correspondence to PLAINTIFF threatening PLAINTIFF'S life and the lives of his family members. [¶] Defendant FLEMING's actions . . . are a direct violation of 18 U.S.C. 875(c). [¶] . . . [¶] The actions undertaken by PLAINTIFF [sic; Fleming?] constitute a credible threat of violence against PLAINTIFF and his immediate family and a willful course of conduct directed at PLAINTIFF that seriously alarms[,] annoys and harasses PLAINTIFF and serves no legitimate purpose. [¶] FLEMMING's [sic] course of conduct is such that would cause a reasonable person to suffer substantial emotional distress and has, in fact, caused PLAINTIFF to suffer substantial emotional distress."

On February 8, 2013, Gibson filed an application for a temporary restraining order and order to show cause why Fleming should not be enjoined from "engaging in unlawful behavior harmful" to Gibson.

### III. LEGAL STANDARD

"The standards governing the issuance of temporary restraining orders are 'substantially identical' to those governing the issuance of preliminary injunctions." *O'Keefe v. Cate,* slip copy, 2012 WL 1555055 (E.D.Cal. 2012), at *1 (citing *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2011)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct.

365, 172 L.Ed.2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.' 'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.' " *Id*. at 24 (internal citations omitted).

## IV. DISCUSSION

Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds it cannot issue the temporary restraining order requested by Gibson. In his application, Gibson "requests that the court to [sic] restrain the Defendant from engaging in, committing, or performing, directly or indirectly any of the following acts and to specifically perform others:

1. Nick V. Fleming, Jr., aka Nick Fleming not to post on the internet the names and identities of Neil B. Gibson's wife and children and that Nick V. Fleming, Jr., aka Nick Fleming be specifically required to remove any such postings on any website Nick V. Fleming, Jr., aka Nick Fleming has content control over;

2. Nick V. Fleming, Jr., aka Nick Fleming not to post on the on the [sic] internet the personal residential address of Neil B. Gibson on any website Nick V. Fleming, Jr., Nick Fleming has control of content over;

3. Nick V. Fleming, Jr., aka Nick Fleming not to post on the on the [sic] internet personal cell phone or home phone number of Neil B. Gibson or his wife or children on any website Nick V. Fleming, Jr., aka Nick Fleming has control of content over;

4. Nick V. Fleming, Jr., aka Nick Fleming not to post the personal e-mail address of Neil B. Gibson on any website Nick V. Fleming, Jr., aka Nick Fleming has control of content over;

5. Nick V. Fleming, Jr., aka Nick Fleming not to post the second home address of Neil B. Gibson or his wife or children on any website Nick V. Fleming, Jr., aka Nick Fleming has control of content over;

6. Nick V. Fleming, Jr., aka Nick Fleming not to post, and remove any previously posted material on the internet, that Neil B. Gibson does not hold the English legal title of 'Lord,' on any website Nick V. Fleming, Jr., aka Nick Fleming has control of content over . . . . ;

7. That Nick V. Fleming, Jr., aka Nick Fleming be required to take down the website http://lordneilbenjamingibson.blogspot.com/;

8. That Nick V. Fleming, Jr., aka Nick Fleming be ordered not to post on the internet comments

on any website he has editing and content control over that specifically alleges Neil B. Gibson, or Neil Gibson, or 'Lord' Neil Gibson or 'Lord' B. Gibson, has swindled third parties out of their personal assets[;]

9. That Nick V. Fleming, Jr., aka Nick Fleming be ordered to remove any posted comments on the internet on any website Nick V. Fleming, Jr., aka Nick Fleming has editing and content control over that specifically alleges Neil B. Gibson, or Neil Gibson, or 'Lord' Neil Gibson or 'Lord' B. Gibson, does not have hold [sic] the English title of 'Lord'[;]

10. That Nick V. Fleming, Jr., aka Nick Fleming be ordered to remove any posted comments on the internet on any website Nick V. Fleming, Jr., aka Nick Fleming has editing and content control over that specifically alleges Neil B. Gibson, or Neil Gibson, or 'Lord' Neil Gibson or 'Lord' B. Gibson, is a 'spy' or 'terrorist' . . . . [;]

11. That Nick V. Fleming, Jr., aka Nick Fleming be ordered to remove any posted comments on the internet on any website Nick V. Fleming, Jr., aka Nick Fleming has editing and content control over that specifically alleges Neil. B. Gibson, or Neil Gibson, or 'Lord' Neil Gibson or 'Lord' B. Gibson, is involved with a criminal organization or organizations[;]

12. That Nick V. Fleming, Jr., aka Nick Fleming be ordered to remove any posted comments on the internet on any website Nick V. Fleming, Jr., aka Nick Fleming has editing and content control over that specifically alleges Neil B. Gibson, or Neil Gibson, or 'Lord' Neil Gibson or 'Lord' B. Gibson, has engaged in fraudulent conduct[;] [and]

13. That Nick V. Fleming, Jr., aka Nick Fleming be ordered to remove any posted comments on the internet on any website Nick V. Fleming, Jr., aka Nick Fleming has editing and content control over that specifically alleges Neil B. Gibson, or Neil Gibson, or 'Lord' Neil Gibson or 'Lord' B. Gibson, has engaged in illegal conduct[.]"

In sum, Gibson essentially asks the Court to order Fleming to remove all statements he may have posted about Gibson on the Internet and to refrain from making such statements, whether on the Internet or otherwise, in the future.  Gibson further "applies for an order to show cause why an injunction should not be granted, ordering the defendants to stop harassing, defaming, and vilifying Plaintiff and placing Plaintiff and his family in danger by alleging Plaintiff has swindled third parties out o their personal assets and alleging he has lied in publically stating he holds the English title of 'Lord,' is a spy, is a terrorist, and further enjoining and requiring defendants to perform the above described acts during the pendency of this action."  Problematically for Gibson, the relief requested in the application amounts to a prior restraint on Fleming's First Amendment right to free speech.

"The term prior restraint is used 'to describe administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur.' [Citation.]" *Alexander v. U.S.,* 509 U.S. 544, 550, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993)

4

(emphasis original). "Temporary restraining orders and permanent injunctions . . . that actually forbid speech activities [ ] are classic examples of prior restraints. [Citation.]" *Id.* (italics omitted). The Supreme Court "has emphasized that '[a] system of prior restraints of expression comes . . . bearing a heavy presumption against its constitutional validity. [Citations.] And even where this presumption might otherwise be overcome, the Court has insisted upon careful procedural provisions designed to assure the fullest presentation and consideration of the matter which the circumstances permit." *Carroll v. President and Commissioners of Princess Anne,* 393 U.S. 175, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968). Although "[t]here is a place in our jurisprudence for ex parte issuance without notice, of temporary restraining orders . . . there is no place within the area of basic freedoms guaranteed by the First Amendment for such orders where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate." *Id*.

Gibson provides no compelling argument or evidence why there would be insufficient time for Fleming to be heard in opposition before immediate and irreparable injury would result to Gibson, as required under the standard for issuance of temporary restraining orders. *See* Fed. R. Civ. P. 65(b)(1)(A). Gibson has also not shown an effort to serve or notify Fleming was even made. Arguing ex parte relief is nonetheless justified simply on the threat of irreparable harm, Gibson contends, "This application is made on the grounds that one or more individuals have made death threats against Plaintiff and his family based on defendants' conduct and such harm, if accomplished, will be great and cause irreparable injury before the matter may heard on notice." Gibson submits his own declaration, attached as an exhibit to Gibson's ex parte application, wherein Gibson testifies:

> "I, and my wife and children, have been continuously stalked and threatened via email by Defendant Nicholass V. Fleming aka Nick Fleming . . . or from third parties at the direction of Defendant FLEMING or as a direct result of Defendant FLEMING's posting of false information regarding me on the internet as well as posting of my personal information on the internet, including, but not limited to, my personal residence address, information regarding the identities of my wife and children, information regarding my personal bank accounts and information regarding my business dealings. [¶] . . . [¶] I truly believe that my life and the lives of my wife and children are in jeopardy and unless FLEMING is stopped from providing personal information he has illegally obtained regarding me to third parties that serious grievous injury may be suffered by myself or my immediate family."

5

However, "[s]peculative injury does not constitute irreparable injury." *Goldie's Bookstore, Inc. v. Superior Court,* 739 F.2d 466, 472 (9th Cir. 1984). "A plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Services Co., Inc. v. Baldrige,* 844 F.2d 668, 674 (9th Cir. 1988) (emphasis original). Gibson's self-serving declaration he has been "stalked and threatened" as a result of Fleming's postings and is afraid for his and his family's lives is hardly sufficient to establish a threat of irreparable harm to himself or his family absent objective evidence to substantiate Gibson's assertions. Gibson does provide the Court with copies of several emails he contends establishes such threat, but these emails appear to have been sent from anonymous addresses and fail to identify any specific individuals who may have threatened Gibson. Furthermore, Gibson provides no evidence from which the Court could conclude these emails even have some relation to or were sent because of Fleming's postings. While the Court is not indifferent to the personal safety of a litigant,[1] Gibson's assertions that without the Court's intervention his well-being is in jeopardy is purely speculative under the circumstances. Accordingly, injunctive relief on an ex parte basis is not warranted. Thus, Gibson's application for a temporary restraining order shall be denied inasmuch as Gibson seeks ex parte relief.

The Court further reserves ruling on Gibson's request for an order to show cause re: issuance of a preliminary injunction. Nothing in the record suggests Fleming has been served with a copy of the summons, complaint or application for temporary restraining order and order to show cause. Accordingly, the Court hereby directs Gibson to serve each of the foregoing documents as well as *this* order on Fleming and to file proof of such service with the Court. Fleming shall have seven (7) days from the filing of the proof of service to file an opposition to Gibson's application for temporary restraining order and order to show cause. The Court shall set a hearing date on the order to show cause re: preliminary injunction after the deadline for filing an opposition has passed.

---

[1] The Court notes it appears Gibson has reported the emails to the Department of Homeland Security. Of course, Gibson may contact any other law enforcement agency that he might deem appropriate.

6

## V. DISPOSITION

Based on the foregoing, Gibson's ex parte application for a temporary restraining order is DENIED. The Court further RESERVES ruling on Gibson's request for an order to show cause re: preliminary injunction. Gibson is ORDERED to serve Fleming with copies of this order, the summons (doc. 3), the complaint (doc. 1) and the application for temporary restraining order and order to show cause (doc. 5) and to FILE proof of such service with the Court. Fleming shall have seven (7) days from the filing of the proof of service to file an opposition to Gibson's application for temporary restraining order and order to show cause. The Court shall set a hearing date on an order to show cause re: preliminary injunction once the deadline for filing an opposition has passed. The hearing date of Friday, February 15, 2013 is hereby VACATED.

IT IS SO ORDERED.

Dated:   February 12, 2013

SENIOR DISTRICT JUDGE