UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL B. GIBSON,<br><br>      Plaintiff,<br><br>      v.<br><br>NICHOLASS V. FLEMING, JR.,<br><br>      Defendant. | Case No.: 1:13-cv-00176 - AWI - JLT<br><br>ORDER VACATING THE SCHEDULING CONFERENCE<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDER |

      Neil Gibson ("Plaintiff") initiated this action by filing a complaint on February 4, 2013.  (Doc. 1).  The same day, the Court issued civil case documents and an Order Setting Mandatory Scheduling Conference.  (Doc. 4).  The Court explained a scheduling conference could not be held until the defendant was served with the summons and complaint.  *Id.* at 1.  Therefore, the Court instructed: "plaintiff[] shall diligently pursue service of summons and complaint . . ."  *Id.*  Further, Plaintiff was directed to "file proofs of service of the summons and complaint so the Court has a record of service."  *Id.* at 1-2.

      On February 8, 2013, Plaintiff filed a motion for a temporary restraining order against defendant Nicholass Flemming.  (Doc. 5).  On February 13, 2013, the Court denied Plaintiff's motion without prejudice, and ordered Plaintiff serve the defendant with copies of its order, the summons, the complaint, and the application for temporary restraining order and order to show cause.  (Doc. 6 at 7).  Further, Plaintiff was ordered to "FILE proof of such service with the Court."  *Id.*  To date, Plaintiff has failed to file proofs of service, and has not complied with the Court's orders regarding service.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

Accordingly, **IT IS HEREBY ORDERED**:

1. The Scheduling Conference set for May 21, 2013, is **VACATED**; and
2. Plaintiff SHALL to show cause within 14 days of the date of service of this Order why the action should not be dismissed for failure to prosecute and failure to follow the Court's orders, or in the alternative, to file proof of service indicating the defendant has been served with the documents required by the Court's orders.

IT IS SO ORDERED.

Dated:   **May 3, 2013**                              /s/ **Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE