UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL B. GIBSON,<br><br>    Plaintiff,<br><br>  v.<br><br>NICHOLASS V. FLEMING, JR.,<br><br>    Defendant. | Case No.: 1:13-cv-00176 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDERS |

  Neil Gibson ("Plaintiff") initiated this action on February 4, 2013. (Doc. 1). To date, no proof of service have been filed evidencing that the defendant has been served. For the reasons set forth below, the Court recommends the action be **DISMISSED**.

**I.  Procedural History**

  On February 4, 2013, the Court issued civil case documents and an Order Setting Mandatory Scheduling Conference. (Doc. 4). The Court explained a scheduling conference could not be held until the defendant was served with the summons and complaint. *Id.* at 1. The Court instructed: "plaintiff[] shall diligently pursue service of summons and complaint . . ." *Id.* Further, Plaintiff was directed to "file proofs of service of the summons and complaint so the Court has a record of service." *Id.* at 1-2.

  On February 8, 2013, Plaintiff filed a motion for a temporary restraining order against defendant Nicholass Fleming. (Doc. 5). On February 13, 2013, the Court denied Plaintiff's motion without prejudice, and ordered Plaintiff serve the defendant with copies of its order, the summons, the

1

complaint, and the application for temporary restraining order and order to show cause. (Doc. 6 at 7). Further, Plaintiff was ordered to "FILE proof of such service with the Court." *Id.*

Noting Plaintiff failed to file proof of service, and had not complied with the Court's orders regarding service, the Court issued an order to show cause on May 3, 2013. (Doc. 7). Plaintiff was ordered "to show cause within 14 days of the date of service . . . why the action should not be dismissed for failure to prosecute and failure to comply with the Court's orders, or in the alternative, to file proof of service indicating the defendant has been served with the documents required by the Court's orders." *Id.* at 2. To date, Plaintiff has failed to comply with or otherwise respond to the Court's order.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the

defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Notably, Plaintiff has failed to provide evidence the defendant has been served with this action, in spite of the necessity of service before the case may proceed.

In the Order to Show Cause, the Court warned that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order . . ." (Doc. 7 at 2). The Court's warning to Plaintiff that his failure to comply with the order would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's orders, and his failure to prosecute the action. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.     Findings and Recommendations

Plaintiffs has failed to prosecute this action or show proof the defendant has been served. Furthermore, Plaintiff has failed to comply with the Court's Orders dated February 13, 2013 and May 3, 2013. (Docs. 6, 7).

Accordingly, **IT IS HEREBY RECOMMENDED**: This action be **DISMISSED WITHOUT PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiffs may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 21, 2013**                    **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE